UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDON DAVID MICHA-EL BEY,

                Plaintiff,

-against-

URBAN FINANCIAL GROUP, INC., et al.,

                Defendants.

1:25-CV-1995 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated and entered on March 28, 2025, the Court denied Plaintiff's requests for immediate injunctive relief raised in his proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order ("OTSC"), his Motion for a Preliminary Injunction and a Temporary Restraining Order ("motion"), and in an "Affidavit" (that is not notarized) in support of his OTSC. (ECF 8.) In that March 28, 2025 order, the Court stated that it would issue an explanatory order at a later date. (*Id.*) Seven days later, on April 4, 2025, Plaintiff, who proceeds *pro se* and *in forma pauperis* ("IFP"), filed a letter in this court in which he, among other things, "strongly urge[s] [the Court to] reconsider" its March 28, 2025 order. (ECF 9.) On April 21, 2025, Plaintiff filed a notice of appeal in this court (ECF 10), initiating what appears to be an interlocutory appeal, under 28 U.S.C. § 1292(a), in the United States Court of Appeals for the Second Circuit, which is pending, *see Micha-El Bey v. Urban Fin. Grp., Inc.*, No. 25-1003 (2d Cir.).

    The Court liberally construes Plaintiff's letter (ECF 9) as a motion, brought under Local Civil Rule 6.3, seeking reconsideration of the Court's March 28, 2025 order. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the

amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). For the reasons set forth below, the Court denies Plaintiff's motion

## DISCUSSION

### A.    Jurisdiction

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider Plaintiff's motion for reconsideration. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Yet, "jurisdiction is retained where, as here, the appeal is from an order granting or denying a preliminary injunction." *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996); *N.Y.S. Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) ("Congress permits, as an exception to the general rule, an immediate appeal from an interlocutory order that either grants or denies a preliminary injunction. In such case the matter does not leave the district court, but proceeds there on the merits, unless otherwise ordered."). Thus, the Court has jurisdiction to consider Plaintiff's motion for reconsideration relief.

### B.    Reconsideration relief under Local Civil Rule 6.3

The Court must deny Plaintiff's motion for reconsideration relief under Local Civil Rule 6.3. A party who seeks reconsideration relief must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music*

*Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration [under Local Civil Rule 6.3] is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).

Plaintiff asserts nothing to suggest that the Court overlooked any controlling law or factual matters that had been previously put before it. The Court, in its March 28, 2025 order, noted that Plaintiff did "not specify, in his OTSC or in his notice of motion, the specific immediate injunctive relief he seeks." (ECF 8, at 1.) The Court also noted that Plaintiff had

> initiated this action in this court on March 7, 2025, [and] ha[d] attached to his OTSC . . . a copy of a notice of eviction addressed to him that was issued by the Civil Court of the City of New York, Bronx County, on February 19, 2025, informing him that the earliest date that he was to be evicted was March 6, 2025, one day before he filed the present action.

(*Id.* (citation omitted).) The Court further noted that Plaintiff "seeks, within his 141-page 'Affidavit,' numerous types of immediate injunctive relief from this court, including what appears to be relief that would prevent his eviction." (*Id.* (citation omitted).) After considering those submissions, and his 261-page complaint, the Court determined that none of those submissions satisfied the legal requirement for granting preliminary injunctive relief, that is, that they demonstrated a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. (*See id.* at 1-2.) That is why the Court denied Plaintiff's requests immediate injunctive relief, and nothing in Plaintiff's motion for reconsideration relief shows that the Court overlooked any controlling law or factual matters with respect to the Court's denial of Plaintiff's

3

requests for immediate injunctive relief. The Court therefore denies Plaintiff's motion for reconsideration relief under Local Civil Rule 6.3.

## CONCLUSION

The Court construes Plaintiff letter (ECF 9) as a motion for reconsideration relief under Local Civil Rule 6.3. The Court denies that motion.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge